MEMORANDUM **
*795 Levon Arakelyan, his wife, Alvina Gregoryan, and their two children, Artur Arakelyan and Arman Arakelyan, are natives and citizens of Armenia.
We lack jurisdiction to review the petitioners’ challenge to the BIA’s March 23, 2004, decision because the petitioners did not file a petition for review within thirty days of the BIA’s decision, and their subsequent motion to reopen did not toll the filing deadline. See 8 U.S.C. § 1252(b)(1); see also Martinez-Serrano v. INS, 94 F.3d 1256, 1258 (9th Cir.1996). Accordingly we dismiss this part of the petition.
We have jurisdiction under 8 U.S.C. § 1252 to review the petitioners’ contention regarding the motion to reopen. This court reviews a denial of a motion to reopen for abuse of discretion. Cano-Merida v. INS, 311 F.3d 960, 965-66 (9th Cir. 2002).
The BIA did not abuse its discretion when it denied the petitioners’ motion to reopen to reapply for asylum and withholding of removal based on changed circumstances in Armenia. The articles submitted by petitioners constituted only general background material on problems for political opposition parties, and the death certificates of Levon Arakelyan’s brother and mother did not establish that their deaths were related to petitioners’ underlying claim for relief. Thus, the evidence they submitted was not probative of their claim, did not show changed circumstances, and did not establish prima facie eligibility for relief. See Konstantinova v. INS, 195 F.3d 528, 530 (9th Cir.1999) (upholding denial of motion to reopen where petitioner introduced evidence that was too general in nature to demonstrate a well-founded fear of persecution).
PETITION FOR REVIEW DISMISSED in part, and DENIED in part.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.